08-3294-ag
Zeng v. Holder

BIA
Balasquide, IJ
A095 710 344

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges*.

_____

SHUI XIAN ZENG,

> > *Petitioner*,

> v.

ERIC H. HOLDER, JR.,<sup>*</sup>
UNITED STATES ATTORNEY GENERAL,
> > *Respondent*.

08-3294-ag
NAC

_____

FOR PETITIONER:          Liu Yu, New York, N.Y.

_____

<sup>*</sup> Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

FOR RESPONDENT:              Michael F. Hertz, Acting Assistant
                             Attorney General; M. Jocelyn Lopez
                             Wright, Senior Litigation Counsel;
                             Ilissa M. Gould, Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shui Xian Zeng, a native and citizen of the People's Republic of China, seeks review of a June 18, 2008, order of the BIA affirming the November 1, 2006, decision of Immigration Judge ("IJ") Javier Balasquide, which denied Zeng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shui Xian Zeng* No. A095 710 344 (BIA June 18, 2008), *aff'g* No. A095 710 344 (Immig. Ct. N.Y. City Nov. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The petitioner does not challenge the agency's determination that she did not establish past persecution, conceding that the only issue before this court is whether the agency erred in determining that she failed to establish a well-founded fear of future persecution. She asserts in her brief that her "activities in the United States will definitely corroborate her claim that she has promoted Falun Gong through handing out Falun Gong flyers to the public." In this regard Zeng recognizes the importance of proving her ongoing support of Falun Gong in this country, but she fails to appreciate the IJ's analysis of the proof that she offered regarding that support.

2

Because she did not adequately corroborate her testimony that she had been engaged in continuing distribution of Falun Gong materials since she arrived in this country, the IJ determined that Zeng did not meet her burden to show her distribution activities were such that she would continue them if she were returned to China. As the IJ noted, such corroborating evidence was reasonably available to the petitioner in the form of live testimony from her husband or from witnesses who periodically provided her with Falun Gong flyers for distribution on Canal Street. The IJ was entitled to consider the absence of such corroboration in deciding that the petitioner did not sustain her burden to show she was actually engaged in on-going distribution activities. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). The petitioner having failed in that regard, the IJ did not err in finding that Zeng failed to prove she had a well-founded fear of future persecution.

To the extent the petitioner is arguing here that her proof regarding her on-going distribution activities was sufficient to sustain her burden, she made no such argument before the BIA, stating that her fear was due to "her past involvement with Falun Gong in China, instead of her activities in the United States." The BIA did not independently address the IJ's findings concerning events in the United States. The petitioner's arguments regarding those activities are therefore unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007); *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 171 (2d Cir. 2004).

The only issue properly before us is whether substantial evidence supports the agency's determination that the petitioner failed to demonstrate a well-founded fear of persecution based on her activities in China. The petitioner claims that she fears arrest upon her return to China because government officials learned that she was a Falun Gong supporter and that she distributed flyers. However, she does not assert that authorities continued to visit her home or look for her after August 2006 and testified that she did not have contact with the authorities while she was stayed at her brother's home in Beijing.

3

Accordingly, we are not compelled to reach a conclusion contrary to that of the agency. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would persecuted, his fear was "speculative at best").

Because the petitioner was unable to meet her burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). The petitioner does not challenge the agency's denial of her claim for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4